IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHN EDWARD HALL, II, | ) | Case No. 1:18-cv-61 |
|  | ) |  |
| Petitioner | ) |  |
|  | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | RICHARD A. LANZILLO |
|  | ) |  |
| PENNSYLVANIA BOARD OF | ) | MEMORANDUM OPINION AND |
| PROBATION AND PAROLE, et al., | ) | ORDER ON PETITION FOR HABEAS |
|  | ) | CORPUS |
| Respondents | ) |  |
|  | ) |  |

Before the Court is a petition for a writ of habeas corpus filed by petitioner John Edward

Hall, II (Hall) pursuant to 28 U.S.C. § 2254 (the Petition).  ECF No. 1.  On September 17, 2013, a

jury in Erie County, Pennsylvania, convicted Hall of sexual assault and indecent assault.  Hall

challenges that conviction by way of four separate grounds for relief.  Because none of the grounds

for relief merits the grant of federal habeas relief, Hall's Petition will be denied.[1]  Additionally,

because reasonable jurists would not find this disposition debatable, a certificate of appealability will

also be denied.

I.      Factual and Procedural Background

        The Court takes the following factual and procedural background from the Pennsylvania

Superior Court's September 15, 2017 decision addressing Hall's appeal from his petition for relief

under the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S.A. § 9545, et seq. (PCRA):

> On September 17, 2013, a jury convicted [Hall] of sexual assault and
> indecent assault stemming from [Hall's] interaction with a female college
> student in the early morning hours of October 1, 2012.  On the previous
> evening, the victim attended a party at an off-campus residence where she

---

[1] Petitioner and Respondent have consented to the exercise of plenary jurisdiction by a United States Magistrate Judge, as authorized by 28 U.S.C. § 636(c).

consumed alcoholic beverages.  At the end of the night, the victim, admittedly "buzzed" from alcohol, fell asleep in an upstairs bedroom.

The victim asserted that when she awoke in the dark bedroom, she discovered a man had pulled her bra and shirt up to her neck and was attempting to take her pants off.  Although the victim attempted to resist her attacker, the man held her down and forced his penis into her vagina.  As the victim continued to hit her attacker across the face, the assailant moved away from the victim, got dressed, and moved to the door.  From the outside light in the hall, the victim was able to identify her attacker as [Hall].  At trial, [Hall] testified that he and the victim had consensual sexual intercourse while he was intoxicated.

After [Hall] was convicted of the aforementioned offenses, the trial court sentenced [Hall] to an aggregate term of three to six years' incarceration.

*Commonwealth v. Hall*, 2017 WL 4079604, at *1 (Pa. Super. Ct. Sept. 15, 2017); ECF No. 1-4 at

1-2.  Attorney Stephen Colafella represented Hall at trial and Attorney Diana Stavroulakis

represented Hall in post-conviction proceedings.  ECF No. 1 at 13.

Hall, through Attorney Colafella, filed a direct appeal to the Superior Court on March 3,

2014.  ECF No. 8-12.  Hall raised three claims:

1. That the verdict was contrary to the weight of the evidence on the convictions for Sexual Assault and Indecent Assault, because the Commonwealth did not present credible evidence to support a conviction for Sexual Assault and Indecent Assault.

   a. Specifically, the Commonwealth did not offer credible evidence to establish that the Petitioner acted without the alleged victim's consent.

2. That the verdict was contrary to the sufficiency of the evidence and the conviction for Sexual Assault and Indecent Assault, because the Commonwealth did not present sufficient evidence that Petitioner lacked the victim's consent for a conviction for Sexual Assault and Indecent Assault.

   a. Specifically, the Commonwealth did not offer sufficient evidence to establish that Petitioner acted without the alleged victim's consent.

3. That this Honorable Court erred in qualifying Dr. Stephanie Larson as an expert where her qualifications were insufficient in the area of proposed expertise.

   a. Specifically, Dr. Stephanie Larson did not possess the requisite skill, knowledge, or experience in forensic examinations of sexual assault victims to satisfy the

qualifications of an expert witness.  As such, it was error to permit Dr. Larson to render and refer to opinions, impressions and studies regarding the alleged victim and sexual assault cases generally.

ECF No. 8-5 at 2-3.  The Superior Court found that, based on the victim's testimony, sufficient evidence supported the jury's findings, and that the trial court did not abuse its discretion, and therefore affirmed the Judgment of Sentence.  ECF No. 8-22.  Hall did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.  *Hall*, 2017 WL 4079604, at *1.

On December 3, 2015, Hall, through Attorney Stavroulakis, filed a timely petition pursuant to the PCRA.  *See id.*  An evidentiary hearing was held on June 27, 2016 and, with leave of Court, Hill filed an amended PCRA petition on September 12, 2016.  *See id.*  Hall claimed in his amended petition that his conviction was the result of a violation of his right to due process and ineffective assistance of trial counsel.  Specifically, Hall raised the following grounds for relief:

I:    Trial Counsel was ineffective for failing to discuss with Hall the crucial nature of character witnesses; for failing to investigate, interview and consider potential character witnesses; and for failing to call character witnesses on Hall's behalf where evidence of Hall's good character would have been enough to establish reasonable doubt. . . .

II:   Trial Counsel was ineffective for failing to ask the Court to include a jury instruction on prior inconsistent statements during the final instructions to the jury. . . .

III:  Trial Counsel was ineffective for pursuing an unreasonable trial strategy in a sex assault case, which consisted of establishing that the victim was too intoxicated to remember what happened during the incident. . . .

IV:   Trial Counsel was ineffective in handling the Commonwealth's expert witness, Dr. Larson.

ECF No. 8-2 at 7, 13, 15, 17.

The trial court denied Hall's PCRA petitions on January 12, 2017.  ECF No. 1-3 at 11.  Hall filed a timely notice of appeal on February 8, 2017.  ECF No. 8-11 at 2.  In his PCRA appeal, Hall argued, on each of the four grounds he had raised in his petitions, that the PCRA court erred in

3

finding that trial counsel was not ineffective. *See Hall*, 2017 WL 4079604, at *1-2. Upon review, the Superior Court held that Hall's ineffectiveness claim had no merit and affirmed the PCRA court's decision to deny relief. *See id.* at *4-5.

Hall filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on October 15, 2017. ECF No. 12. The Pennsylvania Supreme Court denied that petition on February 22, 2018. ECF No. 1-5. That same day, Hall filed the instant 2254 Petition which raises the same four grounds for relief as those raised in his PCRA petitions. ECF No. 1 at 3.

After receiving two extensions of time, Respondents filed a response to the Petition in which they maintain that all grounds for relief are without merit. ECF No. 8.

II.    Applicable Legal Standards

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 141, 146 (1998)). In enacting the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress "significantly limited the federal courts' power to grant a writ of habeas corpus." *Tolbert v. Ferguson*, 2019 WL 4677357, at *2 (E.D. Pa. Aug. 20, 2019). Under Section 2254, a district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, federal courts must give considerable deference to determinations made by state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 773 (2010). Thus, if a claim presented in a Section 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

. . . the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination
> of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  It is the habeas petitioner's burden to show that the state court's decision was

contrary to, or an unreasonable application of, United States Supreme Court precedent and/or an

unreasonable determination of the facts.  *See Moreno v. Ferguson*, 2019 WL 4192459, at *3 (W.D.

Pa. Sept. 4, 2019).

The United States Court of Appeals for the Third Circuit has emphasized the heavy burden

habeas petitioners bear, noting that "even 'clear error'" by the state courts "will not suffice." *Orie v.

Sec'y Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir. 2019) (quoting *White v. Woodall*, 572

U.S. 415, 419 (2014)).  Rather, the state court must be wrong "beyond any possibility for fairminded

disagreement." *Id.* (citations and internal quotations omitted).  Moreover, the factual determinations

of the state courts are presumed correct.  *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by

an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

court, a determination of a factual issue made by a State court shall be presumed to be correct.").

III.    Analysis and Discussion

A.    Timeliness

Before the Court can address the merits of Hall's Petition, it must first decide whether it was

timely filed.  *See Romansky v. Superintendent Greene SCI*, 933 F.3d 293, 298 (3d Cir. 2019).  The

parties here do not dispute that Hall's Petition was timely filed.

Pursuant to AEDPA, a state prisoner must file his federal habeas claims within one year of

the date his judgment of sentence became final.  *See* 28 U.S.C. § 2244(d)(1)(A) (the one-year federal

limitations period generally begins on the date the petitioner's judgment of sentence became final

"by the conclusion of direct review or the expiration of the time for seeking such review"). Because the Superior Court affirmed the judgment of sentence on November 3, 2014, and no petition for allowance of appeal was filed with the Pennsylvania Supreme Court, Hall's conviction became final on December 3, 2014. *See* Pa. R.A.P. 903, 1113(a) ("[A] petition for allowance of appeal shall [generally] be filed . . . within 30 days after the entry of the order of the Superior Court or the Commonwealth Court sought to be reviewed."). Hall then had one year to file a PCRA petition and, as he filed it on December 3, 2015, his petition was timely filed. *See* 42 Pa. C.S.A. 9545(b).

Moreover, when Hall filed his PCRA petition, the one-year habeas statute, which was about to expire, was "immediately tolled." *Nelson v. Superintendent of SCI-Retreat*, 2019 WL 897296, at *2 n.4 (E.D. Pa. Jan. 31, 2019). Hall's PCRA petition then remained pending in the state court system until the Pennsylvania Supreme Court denied his Petition for Allowance of Appeal on February 22, 2018. Consequently, the instant Section 2254 Petition, filed that same day, was timely.

B.     Exhaustion

As a general matter, a federal district court may not consider the merits of a habeas petition unless the petitioner has "exhausted the remedies available" in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner satisfies the exhaustion requirement "only if [he or she] can show that [they] fairly presented the federal claim at each level of the established state-court system for review." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004). The purpose of the exhaustion requirement is to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

In order to "fairly present" a claim for exhaustion purposes, the petitioner must advance the claim's "'factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted.'" *Bennett v. Superintendent Graterford SCI*, 886 F.3d 268, 280 (3d Cir. 2018) (quoting *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999)).  A petitioner may exhaust a federal claim either by raising it on direct appeal or by presenting it in post-conviction PCRA proceedings.  *See O'Sullivan,* 526 U.S. at 845.  Either way, the petitioner must present his federal constitutional claims "to each level of the state courts empowered to hear those claims."  *Id.* at 847 ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").  "Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied."  *Stoss v. Estock*, 2019 WL 2160464, at *3 (M.D. Pa. May 17, 2019) (citing *Castille v. Peoples*, 489 U.S. 346, 350 (1989)).

Applying these principles, the Court concludes that the grounds for relief raised in Hall's Petition were raised in his direct appeal and/or in his PCRA appeal proceeding, and he has therefore satisfied the exhaustion requirement.

C.      Merits

Having determined that Hall's Petition is timely, and that he has satisfied the exhaustion requirement for all of the claims raised therein, the merits of each claim for ineffective assistance of trial counsel (IATC) will be analyzed in turn.

1.   Ground One:  IATC based on failure to call character witnesses

Hall first contends that trial counsel rendered ineffective assistance by failing to discuss with him the crucial nature of character witnesses; by failing to investigate, interview, and consider potential character witnesses; and by failing to call character witnesses on his behalf where evidence

7

of his good character would have been enough to establish reasonable doubt.   ECF No. 1 at 5.   The

Pennsylvania Superior Court addressed this claim of ineffectiveness on the merits.   Consequently,

the Court must view this claim through AEDPA's highly deferential lens.

At the outset, the Court notes that, in addressing Hall's ineffective assistance of counsel

claims, the Superior Court and PCRA court explained that they were applying the three-pronged test

for ineffective assistance of counsel that was originally set forth in *Commonwealth v. Pierce*, 527

A.2d 973, 975-76 (Pa. 1987).   *See* ECF No. 1-4 at 3-4 (Superior Court); ECF No. 1-3 at 3-4 (PCRA

court).   The Superior Court, for example, stated that a claimant establishes ineffective assistance of

counsel when he demonstrates that:   "(1) the underlying substantive claim has arguable merit;

(2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her

actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient

performance."   ECF No. 1-4 at 4 (quoting *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012)

(internal quotation omitted)).   The Court of Appeals for the Third Circuit has held that this precise

language comports with the "clearly established" federal standard governing ineffective assistance of

counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). [2]   *See, e.g.*, *Werts v.

Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000); *Tyma v. District Atty. Of Allegheny Cty.*, 2019 WL

7207302, *8-9 (W.D. Pa. Dec. 27, 2019) ("The *Pierce* standard has been found to be materially

---

[2]         Pennsylvania courts typically articulate *Strickland's* standard in three parts, while federal courts set it out in
two.  The legal evaluation is the same, and the differences merely reflect a stylistic choice on the part of state
courts.  *See, e.g., Commonwealth v. Sepulveda*, 55 A.3d 1108, 1117-18 (Pa. 2012) ("In order to obtain relief on a claim
of ineffectiveness, a PCRA petitioner must satisfy the performance and prejudice test set forth in Strickland[.]");
*Commonwealth v. Kimball*, 724 A.2d 326, 330-33 (Pa. 1999).  As the Pennsylvania Supreme Court explained in
*Commonwealth v. Mitchell*, the Pennsylvania Supreme Court "has divided [Strickland's] performance component into
sub-parts dealing with arguable merit and reasonable strategy.  Appellant must, therefore, show that: the underlying legal
claim has arguable merit; counsel had no reasonable basis for his act or omission; and Appellant suffered prejudice as a
result."  105 A.3d 1257, 1266 (Pa. 2014).  Because a petitioner cannot prevail on an ineffective assistance claim unless
he establishes all prongs of the *Strickland* test, the Supreme Court permits courts to address only the prejudice prong if it
is more efficient to proceed in that manner.  466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the
ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

identical to the test enunciated in *Strickland v. Washington*").   Thus, in applying the *Strickland*

standard to the claims in this case, the Superior Court did not apply a rule of law that is "contrary

to . . . clearly established Federal law, as determined by the Supreme Court of the United States."  28

U.S.C. § 2254(d)(1); *see Werts*, 228 F.3d at 204; *Tyma*, 2019 WL 7207302, at *8-9.

Therefore, the Court must determine whether the Superior Court's adjudication of Hall's

claims was an "unreasonable application" of the *Strickland* standard, or whether it was based on an

unreasonable determination of the facts.  28 U.S.C. § 2254(d)(1), (2); *Jacobs v. Horn*, 395 F.3d 92,

106 n. 9 (3d Cir. 2005).  Under the "unreasonable application" prong of § 2254(d), the appropriate

inquiry is whether the Pennsylvania courts' application of *Strickland* to Hall's ineffectiveness claim

"was objectively unreasonable, *i.e.*, the state court decision, evaluated objectively and on the merits,

resulted in an outcome that cannot reasonably be justified under *Strickland*."  *Werts*, 228 F.3d at 204.

Additionally, the law presumes that counsel was effective:

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all
> too tempting for a defendant to second-guess counsel's assistance after
> conviction or adverse sentence, and it is all too easy for a court, examining
> counsel's defense after it has proved unsuccessful, to conclude that a particular
> act or omission of counsel was unreasonable.  A fair assessment of attorney
> performance requires that every effort be made to eliminate the distorting
> effects of hindsight, to reconstruct the circumstances of counsel's challenged
> conduct, and to evaluate the conduct from counsel's perspective at the time.
> Because of the difficulties inherent in making the evaluation, a court must
> indulge a strong presumption that counsel's conduct falls within the wide
> range of reasonable professional assistance; that is, the defendant must
> overcome the presumption that, under the circumstances, the challenged
> action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689 (internal citations and quotations omitted).  The Court of Appeals for the

Third Circuit has explained that it is "'only the rare claim of ineffective assistance of counsel that

should succeed under the properly deferential standard to be applied in scrutinizing counsel's

performance.'" *United States v. Kauffman*, 109 F.3d 186, 190 (3d Cir. 1997) (quoting *United States*

*v. Gray*, 878 F.2d 702, 711 (3d Cir. 1989)).

*Strickland* also requires that Hall demonstrate that he was prejudiced by his counsel's

allegedly deficient performance.  This requires a showing "that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different."  466

U.S. at 694.  As the Third Circuit Court has explained:

> [The petitioner] "need not show that counsel's deficient performance 'more
> likely than not altered the outcome of the case' – rather, he must show only 'a
> probability sufficient to undermine confidence in the outcome.'" *Jacobs v.*
> *Horn*, 395 F.3d 92, 105 (3d Cir. 2005) (quoting *Strickland*, 466 U.S. at 693-
> 94).  On the other hand, it is not enough "to show that the errors had some
> conceivable effect on the outcome of the proceeding." *Harrington*, 131 S. Ct.
> at 787 (citing *Strickland*, 466 U.S. at 693).  Counsel's errors must be "so
> serious as to deprive the defendant of a fair trial." *Id.* at 787-88 (citing
> *Strickland*, 466 U.S. at 687).  *The likelihood of a different result must be*
> *substantial, not just conceivable. Id.*

*Brown v. Wenerowicz*, 663 F.3d 619, 630 (3d Cir. 2011) (emphasis added).

Moreover, when state courts address claims of ineffectiveness on the merits, the Court is

mindful that:

> The standards created by *Strickland* and § 2254(d) are both 'highly
> deferential,' and when the two apply in tandem, review is 'doubly' so.  The
> *Strickland* standard is a general one, so the range of reasonable applications
> is substantial.  Federal habeas courts must guard against the danger of
> equating unreasonableness under *Strickland* with unreasonableness under
> § 2254(d). When § 2254(d) applies, the question is not whether counsel's
> actions were reasonable. The question is whether there is any reasonable
> argument that counsel satisfied *Strickland's* deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122-23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105

(2011) (citations omitted)).  In other words, federal habeas review of ineffective assistance of

counsel claims is generally "'doubly deferential'" because federal habeas courts "'take a highly

deferential look at counsel's performance' under *Strickland*, 'through the deferential lens of § 2254(d).'"[3]  *Grant v. Lockett*, 709 F.3d 224, 232 (3d Cir. 2013) (citations omitted).

Turning now to Hall's first claim, the Superior Court explained in its analysis that, in order to be entitled to relief for ineffectiveness of counsel due to failure to call a witness, "[an]appellant must demonstrate [that]: the witness existed, was available, and willing to cooperate; counsel knew or should have known of the witness; and the absence of the witness's testimony prejudiced [the] appellant." ECF No. 1-4 at 4 (quoting *Commonwealth v. Brown*, 161 A.3d 960, 967 (Pa. Super. Ct. 2017) (additional citations omitted)).

In rejecting Hall's criticism of trial counsel's handling of possible character witnesses, the Superior Court noted that Hall admitted that he had met with trial counsel five times before trial and that they had discussed presenting character witnesses on at least two of those occasions.  ECF No. 1-4 at 5.  Hall also specifically recalled trial counsel asking him for names of potential character witnesses with particular qualifications.  *See id.*  Trial counsel indicated that he had asked Hall for names of possible character witnesses and had advised him that it would be best to call witnesses who were not relatives and who already knew about the accusations against him.  *See id.*  The Superior Court remarked that Hall conceded that he only gave trial counsel one name, that of a district magistrate who was prohibited from testifying by the rules of judicial ethics.  *See id.*  Hall also admitted that he had informed trial counsel that he did not want any of his friends or family

---

[3]       "While the Supreme Court has stated that 'doubly deferential judicial review . . . applies to a *Strickland* claim evaluated under [AEDPA],' *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009), and at least suggested in dictum that such deference applies to *Strickland*'s prejudice prong, *see Cullen v. Pinholster*, 563 U.S. 170, 202 (2011), the Courts of Appeals have taken different approaches to this issue, *see Waiters v. Lee*, 857 F.3d 466, 477 n.20 (2d Cir. 2017) (collecting cases)."  *Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 477 n.4 (3d Cir. 2017).  Because it was not specifically briefed by the parties in this case, and because the Court's decision here on all grounds raised by Hall is warranted under traditional AEDPA deference in any event, the Court need not address whether "double deference" applies to both of *Strickland*'s prongs.  *See id.*

involved in the case because "'[i]t was an embarrassing situation that I didn't want my entire community to know about.'" *Id.* at 5-6 (quoting ECF No. 13-D at 36). Trial counsel testified that, since Hall would not give him any additional names of potential witnesses, he respected his client's request for privacy, but asserted that, had Hall supplied him with a name, he would have investigated such lead. *See id.* at 6.

The Superior Court concluded that, based on these circumstances, Hall's ineffectiveness claim had no "arguable merit." *See id.; Pierce*, 786 A.2d at 213. The court reasoned that, since trial counsel had discussed the importance of character evidence with Hall on multiple occasions and had asked for names of potential witnesses that could be investigated, but since Hall refused to supply such names and instead asked for privacy, Hall "has not shown that counsel knew or should have known of the identity of possible character witnesses." *Id.* at 6. The Superior Court thus held that the PCRA court correctly found that trial counsel had not been ineffective for failing to call character witnesses. *See id.*

The Court notes that the United States Supreme Court has emphasized that "even a strong case for [habeas] relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Here, Hall's ineffective assistance claim is neither "strong" nor "beyond any possibility for fairminded disagreement." *Orie v. Sec'y Pa. Dept. of Corrections*, 940 F.3d 845, 850 (3d Cir. 2019). To the contrary, a careful review of the state court record reveals that the Superior Court clearly applied the *Strickland* standard to the facts at hand in a fair and reasonable manner. Because trial counsel discussed the possibility of calling character witnesses with Hall on more than one occasion, because he provided Hall with qualifications or character traits that would be helpful for such witnesses to have, and because Hall still declined to provide the names of potential witnesses

because of his desire for privacy, Hall has not shown that trial counsel knew or should have known of such individuals and was therefore ineffective for failing to investigate and call such individuals as character witnesses at trial. Thus, Hall has not demonstrated that the Superior Court's adjudication based on such conclusion was an "unreasonable application of" *Strickland* or that it was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Hall has cited no United States Supreme Court decision warranting a different outcome nor any such decision which the Superior Court unreasonably applied. Accordingly, habeas relief is unwarranted as to this claim.

       2.   Ground Two: IATC based on failure to ask the Court to include a final jury
           instruction on prior inconsistent statements

Hall also asserted in his PCRA Motion that "[d]uring trial, the victim testified in a manner that was inconsistent with her prior statements to law enforcement. At that time, the Court instructed the jury regarding prior inconsistent statements. However, the Court did not repeat this instruction after the close of evidence, when charging the jury." ECF No. 8-2 at 13. Thus, Hall next contends that trial counsel rendered ineffective assistance by "failing to ask the Court to include a jury instruction on prior inconsistent statements during the final instructions to the jury." ECF No. 1 at 7. The Superior Court adjudicated this claim on the merits by applying the state court equivalent of the *Strickland* standard, relying largely on its finding that Hall failed to show prejudice. ECF No. 1-4 at 3-4. Applying AEDPA's deferential standard, the Court must determine whether the Superior Court's determination was an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

At the PCRA hearing, the attorney for the Commonwealth stipulated that the trial court gave the instruction at issue to the jury after the victim testified, but that it was not given a second time during the final charge. See ECF No. 13-D at 57. In reviewing Hall's ineffectiveness claim, the Superior Court explained that the trial court did, in fact, "give a limiting instruction to the jury after

the victim had finished testifying, in which the trial court specifically and thoroughly instructed the jury on the use of prior inconsistent statements." ECF No. 1-4 at 6-7. The court noted that Hall conceded this fact, yet he argued that trial counsel erred by failing to request that the trial court repeat the instruction, a second time, in the final jury instructions. *See id.* at 7. The court explained that Hall offered no specific case law to show that that claim had any arguable merit, and concluded that Hall failed "to establish prejudice by showing that, but for counsel's failure to request that the trial court give the limiting instruction a second time, the result of the proceeding would have been different." *Id.* (citing *Commonwealth v. Johnson*, 966 A.2d 523, 532-33 (Pa. 2009)).

Based on the foregoing, the Court readily concludes that the Superior Court's decision comported with *Strickland*. After the victim testified, the trial court clearly and thoroughly instructed the jury as follows:

> Ladies and gentlemen, [let] me give you an instruction at this time before we call the next witness.
> During the examination of the witness there was a referral to prior statements that she may or may not have given. That is not unusual in a criminal action, civil cases either. The question is how can you use a prior statement. What are we talking about, first, about a prior statement? That means a statement that the witness purportedly gave on another occasion before the trial. Seems kind of self-evident.
> How can you use a prior statement? Prior statements are of two types. Prior consistent statements, that means a statement is consistent with or similar to or the same as the statement that the witness gave on the witness stand. There's also what is called a prior inconsistent statement. It means that the statement is different than the statement or statements that they gave when they testified on the witness stand here in court.
> How do you use those? Prior consistent statements and prior inconsistent statements can be used in evaluating the witness' credibility or believability. So you can take those into account.
> However, sometimes prior inconsistent statements can be used [as] what we call substantive evidence. In other words, you can actually accept the statement as being proof of the matter in question as being truthful or untruthful and actually give it the same weight as you would the trial testimony. But that can only occur in three circumstances. Again we're talking about prior inconsistent statements. If the statement is given under oath subject to cross-examination at a prior proceeding, then you

> may use it for determining credibility and you may accept it as substantive evidence.
>
> If the statement is a statement that was written by the witness and signed and is adopted as their statement, you may use it for that. Or if the statement was recorded on audio recording or video and audio recording, the statement taken together, then you may use it as substantive evidence, as well as for purposes of judging credibility. So that's how you use prior statements. I won't be repeating this instruction. So if you hear reference to prior statements, then you know how to use them in the context of this case.

ECF No. 13-A at 76-78.

The Court emphasizes that the instruction regarding prior inconsistent statements was clear and detailed, it was given at an appropriate time in the proceedings, and the trial court explained to the jury when he provided the instruction that it would not be repeated. During his closing argument, trial counsel then discussed inconsistencies between the victim's trial testimony and her prior statements. In its analysis, the Superior Court reasonably relied on the fact that a sufficient and thorough instruction was in fact given to the jury, and on Hall's failure to provide any case law to show that his claim regarding a repeated instruction had any merit, and the court reasonably determined that, even if trial counsel had requested that the trial court give the instruction to the jury a second time, Hall failed to show that the outcome of the trial would have been different. Thus, here too, Hall has not demonstrated that the Superior Court's adjudication was an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The Court also notes that Hall has made no attempt to address the reasoning of the Superior Court, nor has he cited to any United States Supreme Court precedent that would justify a contrary finding by this Court. Accordingly, Hall's request for habeas relief must be denied.

   3.   Ground Three: IATC for pursuing an unreasonably trial strategy

Next, Hall argues that trial counsel was ineffective for pursuing an unreasonable trial strategy in a sex assault case by attempting to establish that the victim was too intoxicated to remember what

happened during the incident.  Hall contends that such strategy actually contradicted the defense

theory that he had consensual sexual relations with the victim.  The Superior Court denied this claim

on its merits by applying the state court equivalent of the *Strickland* standard, and the Court's review

here is "doubly deferential" under AEDPA and *Strickland.  Grant v. Lockett*, 709 F.3d 224, 232 (3d

Cir. 2013).  Hall must show that the state courts' adjudication of this claim was an unreasonable

application of *Strickland* or was based on an unreasonable determination of the facts.  *See* 28 U.S.C.

§ 2254(d).

The Superior Court noted in its analysis that, as to the reasonable basis prong of the

ineffectiveness test, the Pennsylvania Supreme Court has emphasized that:

> the PCRA court does not question whether there were other more logical
> courses of action which counsel could have pursued; rather [the court]
> must examine whether counsel's decisions had any reasonable basis.
> Where matters of strategy and tactics are concerned, [a] finding that a
> chosen strategy lacked a reasonable basis is not warranted unless it can be
> concluded that an alternative not chosen offered a potential for success
> substantially greater than the course actually pursued.

ECF No. 1-4 at 7-8 (quoting *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015) (citations and

quotation marks omitted)).

The Superior Court went on to explain that, contrary to Hall's assertions, "the victim did not

testify that she was intoxicated to the point where she could not give consent; instead, she indicated

that she was only 'slightly buzzed' when she went to bed." *Id.* at 8 (quoting ECF No. 13-A at 44,

58).  In fact, the victim explained that she went to bed because she had to get up early the next

morning, not because she had had too much to drink.  *See id.*  The victim also testified that she did

not lose consciousness because of intoxication, but that she was sleeping when the alleged assault

began.  *See id.*

16

Since trial counsel indicated that his strategy was to suggest that the victim's alcohol consumption impaired her ability to remember how the sexual contact was initiated, but failed to rise to the level that would render the victim incapacitated to render consent, the Superior Court agreed with the PCRA court's assessment that trial counsel had a reasonable basis to focus on the victim's level of intoxication in order to attempt to discredit her recollection of the events of that evening and to undermine her credibility. *See id.* The Superior Court concluded that, based on the record, "counsel's strategy had a reasonable basis designed to effectuate [Hall's] interests," and further found that Hall "does not offer a suggested alternative strategy that offered a potential for success substantially greater than the course actually pursued." *Id.*

Based upon the foregoing, the Court agrees with the Superior Court's finding that the PCRA court did not err in denying this claim. Although Hall asserts otherwise, the trial transcript clearly shows that the victim did not testify that she was too intoxicated to be capable of giving consent. Thus, the testimony that trial counsel elicited from the victim did not contradict the defense strategy as Hall argues. Hall has therefore failed to meet his burden to show that trial counsel's strategy— that the victim was too intoxicated to remember events clearly, but not so intoxicated as to be unable to consent—did not have a reasonable basis. Moreover, Hall has failed to suggest any alternative strategy that would have offered a potential for success substantially greater than the course that trial counsel actually pursued. Thus, the Court concludes that the Superior Court applied the *Strickland* standard to the facts of this case in a fair and reasonable manner, and Hall has failed to cite to any Supreme Court decision warranting a different outcome or which the Superior Court unreasonably applied. Here again, Hall has not demonstrated that the Superior Court's adjudication was an unreasonable application of *Strickland* or that it was based on an unreasonable determination of the facts. *See* 28 U.S.C. 2254(d). Accordingly, no habeas relief is warranted.

4.   Ground Four: IATC in handling the Commonwealth's expert witness

Finally, Hall contends that trial counsel was ineffective in "handling" the Commonwealth's expert witness, Stephanie Larson, D.O.  Dr. Larson is the physician who performed the victim's sexual assault examination, and, at trial, the prosecution advised that Dr. Larson's opinion would be elicited for the general premise that there are not always physical injuries in a sexual assault case. ECF No. 13-B at 51.  In support of his claim, Hall asserts that, because trial counsel was not provided with an expert report from Dr. Larson before trial, he could not obtain an expert to dispute Dr. Larson's opinion, and that trial counsel did not request a continuance to pursue obtaining a defense expert witness, but instead "proceeded to ask questions which opened the door for Dr. Larson to supply answers that served to destroy the defense theory of a consensual sexual interaction."  ECF No. 1 at 10.  Because the Superior Court denied this claim on its merits on direct appeal based on a finding of lack of prejudice, the Court must determine, applying AEDPA's deferential standard of review,  whether Hall has shown that the Superior Court's adjudication of this claim was an unreasonable application of *Strickland* or was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).

At trial, counsel did not object to Dr. Larson's testimony regarding her forensic examination of the victim, but he did object to her qualifications.  The trial court overruled that objection, however, and Dr. Larson was qualified as an expert.  Nevertheless, review of the trial transcript shows that, rather than asking questions that allowed Dr. Larson "to destroy the defense theory of a consensual sexual interaction" as Hall claims, trial counsel conducted an effective cross-examination of Dr. Larson.  Specifically, trial counsel elicited from Dr. Larson testimony that a more violent interaction, such as that described by the victim in this case, would be more likely to result in physical evidence of the assault, and such evidence did not exist here.  In fact, trial counsel testified

at the PCRA hearing that, although he did not expect Dr. Larson to be treated as an expert, he did not

know that his strategy would have been different had he been able to review an expert report ahead

of time and bring his own expert.  ECF No. 13-D at 63.  Thus, the Superior Court reasonably

concluded:

> [Hall] has not shown there is a reasonable probability that, but for
> counsel's failure to seek an expert report from Dr. Larson, the result of the
> proceedings would have been different . . . [trial] counsel elicited
> testimony on cross-examination in which Dr. Larson admitted that in a
> more violent assault or rape that it was more likely that the victim would
> exhibit physical signs of assault . . . Dr. Larson agreed with [trial]
> counsel's statement to the jury that it was reasonable to infer that if the
> assault had occurred as violently as the victim had alleged that it was more
> likely that the victim would have had visible physical injuries.  The jury
> reached the opposite conclusion and convicted [Hall] of sexual assault.
> [Hall] is unable to show how counsel's failure to seek an expert report
> resulted in prejudice under these circumstances.

ECF No. 1-4, at 9.

Upon careful review of the record, the Court finds that the Superior Court's decision

comported with the standards of *Strickland*.  The record reveals that trial counsel demonstrated a

reasonable trial strategy in cross-examining Dr. Larson as he did, and that, as he succeeded in

eliciting testimony from her that was relevant to his trial strategy, the extra time or additional

materials that Hall alleges counsel erred in failing to request were evidently not necessary in order

for him to effectively represent Hall's interests.  The Court thus concludes that the Superior Court

reasonably determined that Hall failed to show how trial counsel's handling of Dr. Larson resulted in

prejudice under the circumstances of this case, as Hall did not show that the result of the proceedings

would have been different had counsel handled Dr. Larson in another way.  Therefore, Hall has not

demonstrated that the Superior Court's adjudication was an unreasonable application of *Strickland* or

was based on an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  Accordingly,

Hall's request for habeas relief must be denied.

IV.   Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, the Court concludes that jurists of reason would not find it debatable whether each of Petitioner's claims should be denied for the reasons given herein.  Accordingly, a certificate of appealability will be denied.

V.   Conclusion

For the reasons set forth herein, Hall's Petition is denied, and no certificate of appealability should issue.  It is so Ordered.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: August 5, 2020

20